IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELLISA APODACA fka ELLISA
WINDCLIFF,

        Plaintiff,

vs.

                      Civ. No. 04-1379 MV/RHS

MESA COUNTY, COLORADO; THOMAS
PAPIN, in his individual and official
capacities; STUART JONES, in his individual
and official capacities; ROSANNA ELMY, in
her individual and official capacities; TOY
SMITH, in her individual and official
capacities; LHANA JORDAN, in her
individual and official capacities; THOMAS
MILLER; DOE DEFENDANTS 1-5,
unknown employee(s) of Mesa County, in his
or her individual and official capacities; and
ANDERSON MERCHANDISERS, LP, a
Texas Limited Partnership,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Plaintiff's Motion for Leave to File Surreply to Defendant Anderson Merchandisers' Reply to Plaintiff's Response to Defendant's Motion to Dismiss*, **[Doc. No. 43]**, filed May 18, 2005. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motion is not well taken and will be **DENIED**.

## BACKGROUND

On December 9, 2004, Plaintiff filed a Complaint alleging that several defendants, including Anderson Merchandisers, LP, violated her civil rights by wrongfully garnishing her

wages and intercepting her federal income tax returns **[Doc. No. 1]**.  On March 3, 2005, Plaintiff filed an Amended Complaint **[Doc. No. 4]**.  Thereafter, Defendant Anderson filed a Motion to Dismiss all of Plaintiffs' claims against it **[Doc. Nos. 21 and 22]**.  Plaintiff filed a Response to Defendant's motion **[Doc. No. 29]**.  Defendant Anderson then filed a Reply **[Doc. No. 32]**.  Plaintiff now argues that she is entitled to file a surreply and asks for leave of the Court to do so pursuant to D.N.M.LR-Civ. 7.6(b).

## DISCUSSION

Surreplies are disfavored and are generally only allowed if a party filing a reply has raised new issues, argument, or evidence not addressed in previous briefs.  Surreplies are most common in the context of summary judgment motions, where one party submits new evidence in its reply that was previously unknown to the other side.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159 (10th Cir. 1998). Here, Plaintiff argues that Defendant Anderson has raised new issues, case citations, and argument in its Reply brief that merit a surreply.  It should be noted that Plaintiff cites no legal authority in support of this proposition.

In evaluating the parties' briefs on Defendant Anderson's Motion to Dimiss, it is clear to the Court that the parties have received sufficient opportunity to brief all issues relating to the case.  Defendant Anderson does not raise new issues, evidence, or argument in its Reply brief. Defendant simply responds to Plaintiff's brief and attempts to distinguish arguments and cases that Plaintiff herself put forth in her Response.  It is true that Defendant has cited to new cases, however this is normal and is to be expected in the course of filing a Reply.  Moreover, Plaintiff's argument that Defendant has made certain erroneous characterizations in its Reply that it should address is without merit.  The Court is ably prepared to analyze whether Defendant's citations or

2

characterizations of the law are faulty without a surreply from Plaintiff.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Surreply to Defendant Anderson Merchandisers' Reply to Plaintiff's Response to Defendant's Motion to Dismiss, **[Doc. No. 43]**, filed May 18, 2005, is **DENIED**.

Dated this 1st day of June, 2005.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Jeffrey L. Thomason

Attorneys for Defendant Anderson Merchandisers, LP:
Dave H. Thomas, III