IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELLISA APODACA fka ELLISA
WINDCLIFF,

        Plaintiff,

vs.

                                                                     Civ. No. 04-1379 MV/RHS

MESA COUNTY, COLORADO; THOMAS
PAPIN, in his individual and official
capacities; STUART JONES, in his individual
and official capacities; ROSANNA ELMY, in
her individual and official capacities; TOY
SMITH, in her individual and official
capacities; LHANA JORDAN, in her
individual and official capacities; THOMAS
MILLER; DOE DEFENDANTS 1-5,
unknown employee(s) of Mesa County, in his
or her individual and official capacities; and
ANDERSON MERCHANDISERS, LP, a
Texas Limited Partnership,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Mesa County, Colorado Defendants' Motion to Dismiss or, in the Alternative, Motion for Change of Venue*, **[Doc. No. 19]**, filed March 29, 2005; and *Defendant Stuart Jones' Motion to Dismiss or Alternatively to Change Venue*, **[Doc No. 20]**, filed March 30, 2005. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the motions are not well taken and will be **DENIED**.

## BACKGROUND

On December 9, 2004, Plaintiff filed a Complaint alleging that Defendants collectively

violated her rights by wrongfully garnishing her wages and intercepting her federal income tax returns on the basis of an erroneous child support order **[Doc. No. 1]**. The following facts are alleged in Plaintiff's Complaint: Plaintiff and Defendant Thomas Miller ("Miller") were married in 1979 and divorced in 1987. The divorce decree included a parenting plan, which provided for joint custody of the couple's children, no child support, and continuing jurisdiction of the decree in the Eighth Judicial District of the State of New Mexico.

On or about November 8, 1999, the State of Colorado, at the request of the Mesa County Department of Social Services ("MCDSS"), brought an action against Plaintiff to modify the child support order. This action was dismissed without prejudice on June 5, 2000. After this, on or about July 24, 2000, MCDSS and Miller filed a "Verified Petition to Declare the Existence of Non-Existence of a Parental Relationship and to Obtain Child Support" in the District Court of Mesa County, Colorado. Defendants were unable to execute service of process on Plaintiff in New Mexico. A judgment, however, was entered against Plaintiff.

Around September 2002, the State of Colorado brought an action to register the judgment entered against Plaintiff in the State of New Mexico. The Eighth Judicial District of New Mexico declined to register the judgment because personal jurisdiction over Plaintiff had not been established. On or about July 7, 2003, an order from the Eighth Judicial District was entered stating as such, with an effective date of December 9, 2002.

Plaintiff alleges that beginning on or about October 31, 2000, Defendants MCDSS, Papin, Jones, Elmy, Smith, Doe, and Jordan served several orders to withhold Plaintiff's wages and income for child support on Plaintiff's employers in New Mexico, including Anderson, a limited-partnership in Texas; the Village of Angel Fire in Angel Fire, New Mexico; Garrett Limited

Partnership in Taos, New Mexico; and Taos Mountain Casino in Taos, New Mexico. Further, Plaintiff alleges that beginning on or about March 29, 2002, Defendants MCDSS, Papin, Jones, Elmy, Smith, Doe, and Jordan sent orders to the United States Department of the Treasury to garnish Plaintiff's federal income tax refunds on her New Mexico earnings.

Based on these allegations, Plaintiff brings the following claims: (1) violation of her procedural due process rights under 42 U.S.C. § 1983; (2) violation of her substantive due process rights under 42 U.S.C. § 1983; (3) violation of her civil rights under 42 U.S.C. § 1983 and violation of her Colorado statutory rights; (4) malicious abuse of process under New Mexico law; (5) tortious interference with employment under New Mexico law; and (6) conversion under New Mexico law.

## DISCUSSION

Defendant Stuart Jones ("Jones") and the Mesa County, Colorado Defendants ("County Defendants") argue that venue is improper in New Mexico and that the case should be dismissed, or alternatively, transferred to Colorado. Because they overlap significantly, the Court will consider Jones' and the County Defendants' arguments together.[1] Plaintiff argues that venue is proper in New Mexico because a substantial portion of the events giving rise to the litigation occurred here. Plaintiff also argues against transfer to Colorado. The Court will address these arguments in turn.

**I.   Is Venue Appropriate in New Mexico?**

In a diversity action, venue is assessed under 28 U.S.C. § 1391(b), which provides that a

---

[1] For ease of reference, the Court will refer to Jones and the County Defendants collectively as "Defendants."

civil action may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. In *Merchants Nat'l Bank v. Safrabank*, 776 F. Supp. 538 (D. Kan. 1991), the district court explained that § 1391(b)(2) does not require the defendants' activities in the chosen venue to be the most substantial; rather, "the court need only determine if 'substantial' activities took place in [New Mexico]." *Id*. at 541. The court added, "[i]f the selected district's contacts are 'substantial,' it should make no difference that another's are more so, or the most so." *Id*. (quotation omitted).

Defendants assert that pursuant to § 1391(b)(2), this civil action is improper in New Mexico because "a substantial part of the events or omissions giving rise to the claim" did not occur here. *See* 28 U.S.C. § 1391(b)(2). The Court disagrees. In the instant case, Defendants sent garnishment notices to Plaintiffs' employers in New Mexico. MCDSS initiated legal action regarding Plaintiff's child support obligations in New Mexico. MCDSS and several of the individual defendants attempted to register the Colorado child support order against Plaintiff in New Mexico. Finally, the IRS, based on orders from MCDSS, garnished Plaintiff's tax refunds from income she earned in New Mexico. The Court concludes that these actions satisfy the requirements under § 1391(b)(2) and therefore venue is New Mexico is proper.

**II.     Transfer**

Defendants assert, in the alternative, that this Court should exercise its discretion and

transfer this case to Colorado. The venue transfer statute provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal citations omitted). The party seeking transfer bears the burden of establishing that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

The Tenth Circuit has stated that a district court should take into consideration the following factors when deciding whether to transfer a case:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citation omitted). In general, a plaintiff's choice of forum is rarely disturbed. *Scheidt*, 956 F.2d at 965. The burden is on the party moving to establish that the existing forum is inconvenient. *Chrysler Credit Corp.,* 928 F.2d at 1516; *see also William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)) ("Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum

should rarely be disturbed.").

Applying these factors and considerations to the circumstances of the instant case, the Court concludes that they weigh toward denying the motion to transfer.

### A. Convenience of Witnesses

Arguably the most important factor in considering a transfer is the convenience of the witnesses. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999). In determining whether a particular venue is more convenient for the witnesses, a court must consider the number of witnesses in each forum; the nature, quality, and importance of the witnesses' testimony with respect to the issues in the case; the expense of transportation and the length of time the witnesses will be absent from their jobs; and whether the witnesses can be compelled to testify. *See id.* Further, in this analysis, the Court distinguishes between party and non-party witnesses. Non-party witnesses who do not reside within 100 miles of the presiding court may not be compelled to testify. *See* FED. R. CIV. P. 45(e). Thus, courts generally give more weight to the convenience of non-party witnesses than party witnesses.[2]

Here, Defendants state that most of the witnesses in the case are from Colorado. Accordingly, they argue that it will be a "substantial inconvenience" for those witnesses to be subjected to trial in New Mexico. Other than the general information in the Initial Pre-Trial Report ("IPTR"), Defendants do not provide the Court with any specifics on their witnesses, their witnesses' testimony, or the expense of transportation. Without this information, it is difficult for the Court to analyze whether the convenience of the witnesses weighs in favor of transfer.

---

[2] It should be noted that most of Defendants' witnesses listed in the IPTR are party witnesses, rather than non-party witnesses.

Further, in the IPTR, Defendants list several witnesses who reside outside Colorado, including Andres Vargas, representatives from the Child Support Enforcement Division in Taos yet unnamed, and Jeffrey Thomason, Plaintiff's attorney who resides in New Mexico. It is unclear from the IPTR where the witnesses from Anderson Merchandisers reside. Neither party clarified this in the pleadings.

Accordingly, while the Court is sympathetic to the general inconvenience to non-party out-of-state witnesses in this case, this is insufficient to override the deference owed to Plaintiff's choice of forum, especially given the fact that there are several witnesses from New Mexico. If the case is transferred to Colorado, Plaintiff will be forced to litigate several hundred miles away from her home. Further, Plaintiff and her New Mexico witnesses will be required to travel to Colorado for depositions and for trial. "Merely shifting the inconvenience from one side to the other ... obviously is not a permissible justification for a change of venue." *Scheidt*, 956 F.2d at 966.

### B. Convenience of the Parties

The Court must also consider the convenience of the parties. Courts generally find that the most convenient district for a party is the district closest to his residence. In the present case, most of the defendants reside in Colorado[3], while Plaintiff resides in New Mexico. If the case is transferred to Colorado, again, the Court merely will be shifting the inconvenience to Plaintiff. Thus, this factor does not weigh in favor of transfer.

---

[3] Defendants argue that they cannot be compelled to appear in court in New Mexico. This argument is unavailing. Unless their presence is waived, named defendants in civil cases must appear for court in the state where their case is pending.

### C. Choice of Law

Defendants argue that Plaintiff has brought state law claims and "a significant defense to these claims will be decided pursuant to Colorado law." While it would be ideal for a Colorado court to decide issues of Colorado law, this Court regularly review questions of out-of-state law. Furthermore, Plaintiff raises several New Mexico state law claims, including conversion, malicious abuse of process, and tortious interference with employment, that are best decided by a New Mexico court. Accordingly, this factor is neutral and does not weigh in the favor of either party.

Defendants further argue that Anderson's potential immunity defense to the charges against it weigh in favor of transfer. Anderson's potential immunity defense, however, is irrelevant to the Court's analysis at this stage. As of now, claims are still pending against Anderson.

### D. Access to Evidence

Defendants argue that the evidence pertaining to the case is centered in Colorado and that it would be inconvenient to move it to New Mexico. There is no showing by Defendants, however, that the documents are so numerous or organized in as such a manner that it would be extremely inconvenient to transport them to New Mexico.

### E. Other Considerations

Defendants' assertion that a judgment cannot be obtained against them in New Mexico is completely unsupported. Judgments routinely are entered against out-of-state defendants in district courts in New Mexico. Other factors to consider, including congested dockets and the relative advantages and obstacles to a fair trial, have not been raised by Defendants and the Court

thus assumes that they are not relevant here.

## CONCLUSION

For the reasons explained above, venue is proper in this Court. Accordingly, the motions to dismiss by Defendants will be denied. Moreover, because the convenience of the parties and witnesses would not best be served by transferring this case, and because the interests of justice do not so require, this Court will deny Defendants' motions to transfer venue.  **IT IS THEREFORE ORDERED** that the *Mesa County, Colorado Defendants' Motion to Dismiss or, in the Alternative, Motion for Change of Venue*, **[Doc. No. 19]**, filed March 29, 2005; and *Defendant Stuart Jones' Motion to Dismiss or Alternatively to Change Venue*, **[Doc No. 20]**, filed March 30, 2005, are hereby **DENIED**.

Dated this 9th day of Septeber, 2005.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Jeffrey L. Thomason

Attorney for Stuart Jones:
Henry F. Narvaez

Attorney for Mesa County, Thomas Papin,
Rosanna Elmy, Toy Smith, and Lahana Jordan:
Paula G. Maynes

Attorney for Defendant Anderson Merchandisers, LP:
Dave H. Thomas, III